JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
**SUSAN R. SHUEY and JOHN SHUEY**

## DEFENDANTS
**WILLIAM G. SCHWAB**, et al (Please see attached sheet)

**(b)** County of Residence of First Listed Plaintiff    **CARBON**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    **CARBON**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Karoly Law Offices, P.C., 1555 N. 18th Street, Allentown, PA 18104 (610) 820-9790

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | X 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | X 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | |
|---|---|---|---|---|---|
| X 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
42 U.S.C. §1983 and Pendeant State Claims

Brief description of cause:
Civil Rights - Police Misconduct and State Claims

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $ In Excess of

CHECK YES only if demanded in complaint:
**JURY DEMAND:** X Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE

DOCKET NUMBER

DATE
6-23-08

SIGNATURE OF ATTORNEY OF RECORD
_(signature)_

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|
| | | | | |

## ATTACHMENT

**WILLIAM G. SCHWAB**
**167 Municipal Road**
**Lehighton, PA   18235**
*individually and in his official capacity*
*as a Supervisor of East Penn Township,*

**EAST PENN TOWNSHIP**
**167 Municipal Road**
**Lehighton, PA 18235**
*in their official capacity as a Municipal*
*corporation ,*

**OFFICER BRIAN P. HOROS**
**167 Municipal Road**
**Lehighton, PA   18235**
*individually and in his official capacity*
*as a member of the East Penn Township*
*Police Department,*

**OFFICER ALAN W. BEISHLINE**
**167 Municipal Road**
**Lehighton, PA   18235**
*individually and in his official capacity*
*as a member of the East Penn Township*
*Police Department,*
                    **Defendants**

## IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SUSAN R. SHUEY** | : | |
| **2832 West Lizard Creek Rd.** | : | |
| **Lehighton, PA 18235** | : | |
| | : | **No.** |
| | : | |
| **JOHN SHUEY** | : | |
| **2832 West Lizard Creek Rd.** | : | |
| **Lehighton, PA 180235** | : | |
| **Plaintiffs,** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **WILLIAM G. SCHWAB** | : | |
| **167 Municipal Road** | : | |
| **Lehighton, PA   18235** | : | |
| *individually and in his official capacity* | : | |
| *as a Supervisor of East Penn Township,* | : | |
| | : | |
| **EAST PENN TOWNSHIP** | : | |
| **167 Municipal Road** | : | |
| **Lehighton, PA 18235** | : | |
| *in their official capacity as a Municipal* | : | |
| *corporation ,* | : | |
| | : | |
| **OFFICER BRIAN P. HOROS** | : | |
| **167 Municipal Road** | : | |
| **Lehighton, PA   18235** | : | |
| *individually and in his official capacity* | : | |
| *as a member of the East Penn Township* | : | |
| *Police Department,* | : | |
| | : | **JURY TRIAL REQUESTED** |
| **OFFICER ALAN W. BEISHLINE** | : | |
| **167 Municipal Road** | : | |
| **Lehighton, PA   18235** | : | |

1

*individually and in his official capacity* :
*as a member of the East Penn Township* :
*Police Department,* :
         **Defendants.** :

## COMPLAINT

**AND NOW COME,** The Plaintiffs, **Susan R. Shuey** and **John Shuey**, by and

through their undersigned legal counsel of record, John P. Karoly, Jr., Esquire, of

Karoly Law Offices, P.C., and do allege and aver as follows:

## I. JURISDICTION AND VENUE

1. This action is instituted under the United States Constitution, particularly

   under the provisions of the First, Fourth, Eighth and Fourteenth Amendments,

   and under federal law, particularly the Civil Rights Act of 1871, hereinafter

   referred to as the "Act", as amended, 42 U.S.C. Sections 1983, 1985, and 1988.

2. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §1331, §1343

   (3), §1343(4) and §1367, regarding the principles of pendent and supplemental

   jurisdiction over related state law claims.

3. Venue in the Middle District is properly laid pursuant to 28 U.S.C. § 1391, in

   so far as the alleged unlawful conduct complained of in this Complaint, which

   forms the factual and legal basis of the Plaintiffs' claims, arose within the

   geographical limits of this District in general and, within the geographical

2

limits of East Penn Township, Carbon County, Pennsylvania, in particular.

## II.   **PARTIES**

4.   Plaintiff Susan R. Shuey is an adult individual, currently residing at 2832 West Lizard Creek Road, Lehighton, PA   18235.

5.   Plaintiff John Shuey, is an adult individual and the legal husband of Susan R. Shuey, currently residing at 2832 West Lizard Creek Road, Lehighton, PA 18235.

6.   William G. Schwab (hereinafter referred to as "Schwab") is an adult individual who at all times relevant hereto, was serving in his capacity as a Supervisor of East Penn Township who is responsible for the formulation and/or implementation of practices, policies, and procedures, discipline, hiring and assignment of officers, as well as, the day to day operation and overseeing, command and control of all segments of the Police Department, and who at all time relevant hereto was acting within the scope of his duties and authority, under color or title of state or municipal public law or ordinance and empowered to establish, regulate and control the Police Department for enforcement of laws and ordinances within the Township's jurisdiction and for the purpose of protecting and preserving the persons and property within the geographical and legal jurisdiction of East Penn Township.

3

7.     Defendant East Penn Township (hereinafter referred to as the "Township") is
       a municipal corporation and governmental entity within the Commonwealth of
       Pennsylvania empowered to establish, regulate, and control its Police
       Department for enforcement of laws and ordinances within its jurisdiction and
       for the purpose of protecting and preserving the persons and property within
       the geographical and legal jurisdiction of the Defendant Township.

8.     Defendant Officer Brian A. Horos (hereinafter referred to as "Horos") is an
       adult individual who at all times relevant hereto, was serving in his capacity
       as a sworn officer in the East Penn Township Police Department, and was
       entrusted with the power to enforce the laws of the Commonwealth, and East
       Penn Township. Horos was entrusted to protect the Constitutional rights of
       those he encounters and at all times relevant hereto was acting under the
       authority and color of law, and acted in concert with one or more of the other
       individual Defendants in the performance or conduct of their actions ,or acted
       independently.

9.     Defendant Officer Alvin W. Beishline (hereinafter referred to as "Beishline")
       is an adult individual who at all times relevant hereto, was serving in his
       capacity as a sworn officer in the East Penn Township Police Department, and
       was entrusted with the power to enforce the laws of the Commonwealth, and

                                          4

East Penn Township. Beishline was entrusted to protect the Constitutional rights of those he encounters and at all times relevant hereto was acting under the authority and color of law, and acted in concert with one or more of the other individual Defendants in the performance or conduct of their actions ,or acted independently.

## III. FACTUAL ALLEGATIONS

10.  On June 23, 2006 at or about 1900 hours, Plaintiffs Susan R. Shuey and John Shuey parked their vehicle safely off of Lizard Creek Rd., (Rte 895), in East Penn Township, Pennsylvania and approached Officer Brian P. Horos who was in the process of issuing a traffic citation to a motorist he had stopped.

11.  The Shueys' wanted to have an audience with Horos concerning a traffic ticket issued to their son Josh earlier that same day.

12.  The Township Police had been directed to cite as many motorists in the Township as possible in order to create a revenue stream resulting from the fines imposed.

13.  The implementation of this plan was conceived and directed by Defendant Schwab in his capacity as East Penn Township Supervisor and the chief policy maker for the police department.

14.  John Shuey parked their vehicle in a trucking parking lot across the roadway

5

and a distance removed from where Horos had stopped the motorist.

15. On three (3) separate occasions Horos inquired into what the Shueys' wanted and each time was told that they would simply wait until he finished his business before speaking to him.

16. At all times the Shueys' remained a safe distance behind Horos' police vehicle, and off of the roadway.

17. After Horos once again inquired as to why the Shueys' wanted to speak to him, John Shuey finally advised that he wanted to discuss the motor vehicle citation issued to his son.

18. At that time Horos pointed to Defendant Beishline, who had just arrived in a police vehicle, and indicated that it was Beishline, not Horos, who had issued the citation.

19. Beishline rolled down his driver's side window and spoke to John Shuey, who was standing in front of Susan R. Shuey and a substantial distance behind Horos and his vehicle.

20. At no time during the discussion with the Shueys did Beishline exit his vehicle.

21. When Mrs. Shuey pointed out to Beishline that the police were issuing citations for violation of the Pennsylvania Vehicle Code, 75 Pa. C.S.A.§3111, which imposes fines and costs in the amount of $106.50, however assesses no

6

points against an offender's license, Beishline became upset and told her that in the future he will increase the charge and tell all offenders to thank her.

22.    The plan to cite motorist under §3111 was conceived and implemented by Schwab; knowing that one charged with that offense would not typically hire legal counsel or otherwise defend a citation without license implications.

23.    Mrs. Shuey terminated the conversation with Beishline and began walking back towards her car while Beishline remained in his vehicle conversing with John Shuey.

24.    As Susan R. Shuey crossed the roadway, diagonally on the path back to her car, she necessarily had to pass the point where Horos was located.

25.    As Mrs. Shuey walked from the area venting Horos yelled to her, that "if you raise your voice I'm going to arrest you."

26.    By this time Susan Shuey had crossed the double yellow lines midpoint in the roadway.

27.    Upon Horos threatening arrest, Mrs. Shuey looked over her shoulder and queried, "If I raise my voice, you're going to arrest me?", and continued walking away from Horos.

28.    Horos responded to this inquiry by again threatening to arrest Susan if she raised her voice.

7

29. Mrs. Shuey continued to walk towards her car on the opposite side of the roadway from where Horos was located.

30. As Mrs. Shuey walked away from Horos on the grass berm across and off the roadway, Horos violently grabbed her arm from behind and spun her counter clockwise while twisting her left arm.

31. Mrs. Shuey said, "I didn't do anything............why are you doing this?"

32. Horos picked Mrs. Shuey off her feet and slammed her to the ground, off the roadway, landing on top of her.

33. Mrs. Shuey's right arm and hand were pinned under her with Horos lying on top of her.

34. She could not move her head and had the "wind knocked out of her."

35. She was helpless, pinned in a prone position with her right arm trapped, stunned, scared and in great pain.

36. One of the officers threatened to pepper spray her as she laid trapped on the ground.

37. Distraught and traumatized, Mrs. Shuey begged them not to use pepper spray because she is allergic to pepper and asthmatic.

38. During this entire time she was forcibly pinned, face down, with her right arm unable to move from beneath her.

8

39.    Defendant Beishline then proceeded to taser Susan two (2) times while she was pinned on the ground.

40.    Mrs. Shuey was stunned and in terrible fear as a result of this senseless and brutal beating.

41.    Defendants Beishline and Horos then handcuffed Susan Shuey's hands behind her back and yanked her to her feet by the handcuffs while Horos screamed that she "will be going to jail for a long time."

42.    During the incident Mrs. Shuey could hear her husband John pleading for the police to stop hurting her and calling out for someone to film the beating.

43.    During the beating John Shuey heard his wife praying out loud for the Defendants to stop hurting her.

44.    When John Shuey asked Horos and Beishline to stop hurting his wife they both threatened to arrest him.

45.    Mrs. Shuey was transported to the police station and place into a chair with her hands still cuffed behind her back.

46.    She pleaded with Horos to loosen the handcuffs, however he refused by laughing and mocking her.

47.    Horos continued taunting Mrs. Shuey stating "I'm going home to my family tonight, you're not" and " who do you think the judge is going to believe, you

9

or me?"

48. Papers were thrown into Mrs. Shuey's face, however she couldn't read them because her glasses had been broken in the beating.

49. Horos and Beishline continually chided Mrs. Shuey as they transported her to the Magisterial District Judge for arraignment, often times using profanity to berate her.

50. After they left the Magisterial District Court they transported Mrs. Shuey to Carbon County Prison with Horos stating to her "when are you people going to learn that you don't run things...........................we do."

51. During this process Mrs. Shuey was so terrified that she defecated and urinated in her clothing.

52. Upon her release on bail the following morning, Mrs. Shuey went to Palmerton Hospital for treatment.

53. Before being "jumped" from behind by Horos, Mrs. Shuey was never told that she was under arrest.

54. At no time did Mrs. Shuey resist or assault either officer.

55. At no time was Mrs. Shuey intoxicated, incapacitated, a threat to herself or others, or disorderly.  She had committed no criminal offenses or breach of peace which would warrant such extreme force.

10

56.   At all times during the events set forth above, the Defendant officers were engaged in a joint venture. The individual Defendants assisted each other in performing the various actions described, and lent their physical presence, support, and the authority of their office to each other during said events.

57.   The Township had purchased Electronic Incapacitation Devices, i.e., Taser in April of 2006 and sent Horos to train with the Taser in May of 2006.

58.   Horos, allegedly then trained Beishline and others on Taser deployment.

59.   Beishline was not qualified to use a Taser under any circumstance, nor should a Taser have been used in this incident.

60.   As a direct and proximate result of the said acts or omission of the Defendant officers, the Plaintiffs' suffered, inter alia, the following injuries and damages:

   a.   physical and mental pain and suffering, in both the past and the predictable future, including damages for physical pain, discomfort, loss of use of bodily function, disfigurement, ill health, and emotional injuries including stigma, humiliation, fright, emotional trauma and post traumatic stress disorder.

   b.   compensatory damages for loss of liberty during wrongful seizure and confinement;

   c.   medical expenses, past and future;

11

d.    loss of life's pleasures;

e.    impairment of personal and professional reputation and earning capacity, and shortening of economic horizons;

f.    attorney's fees and costs related to the underlying criminal prosecution and efforts to clear themselves;

g.    destruction of personal property (i.e., wearing apparel);

h    general damages for violations of Plaintiffs' constitutional rights under the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution and Article 1, Section 8 of Pennsylvania Constitution; and

i.    Punitive damages (except as to the Township and the Defendants in their official capacity), which are justified factually and legally because Defendants acted maliciously and/or wantonly only in violating the Plaintiffs' constitutionally (federal and state) protected rights, and intentionally, recklessly and wilfully while engaging in reprehensible and outrageous conduct not to be tolerated in a civilized society.

61.    The actions of the Defendant officers violated the clearly established and well-settled federal Constitutional rights of the Plaintiffs as more clearly set forth in the Counts below.

12

# COUNT I

## 42 U.S.C. §1983

### *Plaintiffs*
### *v.*
### *All Individual Defendants*

62.  The preceding paragraphs are incorporated herein by reference as though fully set forth.

63.  The Defendants, and each of them, at all times pertinent to the claims asserted herein, acted under color of state law.

64.  While acting under color of state law, the Defendants deprived the Plaintiffs of various federal Constitutional rights.

65.  The Plaintiffs claim damages for the injuries set forth above under 42 U.S.C. §1983 against all Defendants for violation of their constitutional rights under color of law.

# COUNT II

## 42 U.S. C. §1983
## Excessive Force and Physical Brutality

### *Plaintiffs*
### *v.*
### *Defendants Horos and Beishline, individually*
### *and in their official capacity*

13

66.   The preceding paragraphs are incorporated herein by reference as though fully set forth.

67.   The Plaintiffs were subjected to a seizure within the meaning of the Fourth Amendment through the application of force.

68.   The application of force against the Plaintiffs was unreasonable under the circumstances and unconstitutionally excessive.

69.   The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force while being arrested even if the arrest is otherwise proper.

70.   The Defendants used excessive force in the arrest of Mrs. Shuey and seizure of Mr. Shuey in that there was absolutely no need for the application of any force, and the fact that the amount of force used by the Defendants exceeded, and in the case of Plaintiff Susan Shuey, outrageously exceeded, the amount of force which a reasonable officer would have used under similar circumstances.

71.   The Defendants were not authorized or permitted, as a matter of law, to take Mrs. Shuey into custody.

72.   Even if the Defendants were authorized to take Mrs. Shuey into custody, no physical force of any kind was required or should have been employed.

14

73.     No Plaintiff attempted to actively resist their unlawful arrest.

74.     No Plaintiff attempted to avoid their unlawful arrest by flight.

75.     No Plaintiff struggled or had to be subdued.

76.     No Plaintiff presented any threat to the Defendants or any other person or property and, in fact, each was totally submissive to the excessive force employed against them.

77.     The severity of the alleged crime for which the arrest was claimed to be effected is the least severe known to the law,  a summary offense.

78.     The use of force was not reasonable by any Defendant under the Constitution where, as here, there was no need for any force.

79.     It was unreasonable and a violation of the Fourth Amendment to use force upon the Plaintiff at any time including where, as here, the Plaintiff has been arrested, restrained, and was otherwise securely under the control of Defendants.

80.     The nature and degree of excessiveness utilized against the Plaintiffs by Defendants, most especially against Plaintiff Susan Shuey, rises to the degree of at least the crime of Aggravated Assault and was outrageous, reprehensible, malicious, vicious, intentional, malevolent and cowardly, and clearly warrants an award of punitive, as well as, compensatory damages.

15

81.    As a result of the excessive use of force employed against the Plaintiffs in
       violation of their Fourth Amendment rights, the Plaintiffs' suffered damages
       as stated hereinbefore.

## COUNT III

## 42 U.S.C.§ 1983
## Supervisory Liability

### *Plaintiffs*
### *v.*
### *Defendants Horos and Schwab, individually*
### *and in their official capacity*

82.    The preceding paragraphs are incorporated herein by reference as though fully
       set forth.

83.    One or more of the Defendants acted in a supervisory capacity under
       circumstances, and at a time, when one or more of the subordinate Defendants
       violated the Plaintiffs' rights as set forth hereinbefore.

84.    The exact relationship and responsibilities between the Defendants inter se,
       cannot be ascertained pre-trial except to allege with certainty that Defendant
       Officer Horos, and Defendant Officer Beishline, acted in a supervisory
       capacity with regard to the remaining Defendants, based upon their obvious
       rank.

85.    In that regard, the Supervisory Defendants, now known and unknown, either

directed the conduct which resulted in the violation of the Plaintiffs' federal rights as alleged; or, had actual knowledge of the subordinates violation of Plaintiffs' federal rights as alleged; or, had actual knowledge of the subordinates violation of Plaintiffs' rights and acquiesced in said violations; or, with deliberate indifference to the consequences, established and maintained a policy, practice or custom, which directly caused the violation or, had a policy of maintaining no policy, where one or more policies or regulations were clearly needed.

86.    Schwab inadequately screened and investigated the background of Horos which directly led to the use of excessive force upon the Plaintiffs.

87.    Schwab instituted a policy of issuing traffic citations solely as a revenue-creating device resulting in a pattern of police over-efficiousness.

88.    As a result of the deficient hiring supervision and training of the Defendants, the Plaintiffs' suffered the damages alleged hereinbefore.

## COUNT IV

### 42 U.S.C. § 1983
### Failure to Intervene Non-Supervisory

### *Plaintiffs*
### *v.*
### *Defendants Horos and Beishline, individually and in their official capacity*

17

89.   The preceding paragraphs are incorporated herein by reference as though fully
      set forth.

90.   Each Defendant is liable for failing to intervene to prevent the constitutional
      violations of Plaintiffs' federally protected rights, as claimed herein, by the
      other Defendants, or by other offenders presently unknown to Plaintiffs.

91.   Plaintiffs' Constitutional rights were violated as alleged herein.

92.   Under circumstances where a named Defendant was not the violator of a given
      right as alleged, he had the duty to intervene, including the duty to intervene
      to prevent an unlawful arrest, false imprisonment, the use of excessive force,
      malicious prosecution, and the denial of adequate medical care.

93.   Each of the Defendants had a reasonable opportunity to intervene.

94.   Each of the Defendants failed to intervene.

95.   Each non-intervening Defendant is liable for the harm, and hence damages,
      suffered by the Plaintiffs, as aforesaid.

## COUNT V

### 42 U.S.C. §1983
### Municipal Liability

### *Plaintiffs*
### *v.*
### *Defendants Schwab, individually and in his official capacity as a supervisor of East Penn Township, and East Penn Township*

18

96. The preceding paragraphs are incorporated herein by reference as though fully set forth.

97. Prior to October 28, 2004, the Defendant Township East Penn developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the Township of East Penn, which caused the violation of Plaintiffs' Constitutional rights.

98. It was the policy and/or custom of the Defendant Township of East Penn to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the Township of East Penn.

99. It was also the policy and/or custom of the Defendant Township of East Penn to inadequately screen during the hiring process and to inadequately train and supervise its police officers, including Defendant police officers, thereby failing to adequately discourage further Constitutional violations on the part of its police force in general and Defendant officers in particular.

100. The Defendant Township of East Penn did not require or demand appropriate in-service training or re-training of officers who were known to have engaged in police misconduct or who were known to encourage or tolerate same.

101. The Defendant Township of East Penn also did not adopt needed policies,

19

which should have been intended and calculated to avoid the Constitutional violations referred to herein.

102.   As a result of the above described policies and customs and failure to adopt necessary and appropriate policies, police officers of the Defendant Township of East Penn, including the Defendants, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

103.   The above described policies and customs, and the failure to adopt necessary and appropriate policies, demonstrated a deliberate indifference on the part of the policymakers of the Defendant Township of East Penn, which group of policymakers includes but is not limited to, Defendant Brian P. Horos, and were the cause of the violation of the Plaintiffs' rights as alleged herein, and the claimed damages which resulted therefrom.

## COUNT VI

### 42 U.S.C. §1983
### Civil Conspiracy

#### *Plaintiffs*
#### *v.*
#### *All Defendants*

104.   The preceding paragraphs are incorporated herein by reference as though fully

20

set forth.

105. The Defendants participated in a conspiracy to engage in a mass assault upon motorists who were driving within the Township.

106. This conspiracy, as it applied to the Plaintiffs herein, was an express or implied agreement between the Defendants and others to deprive the Plaintiffs of their constitutional rights, inter alia, to assemble, to engage in free speech, to be free from unlawful search, seizure, and arrest, to be at their liberty without unlawful confinement, and to freely associate and to pursue life, liberty and happiness, under the overall guise of bringing the Defendants form of law enforcement to the streets of East Penn Township.

107. The aforesaid civil conspiracy at times included the named Defendants and other individuals who either facilitated, participated in, or acquiesced in Defendants' misconduct.

108. The Defendants were voluntary participants in the common venture, understood the general objectives of the plan, knew it involved the likelihood of the deprivation of constitutional rights, accepted those general objectives, and then agreed, either explicitly or implicitly, to do their part to further those objectives.

109. The Defendants then did each, either act, or where there was a duty to act,

21

refrained from acting, in a manner intended to facilitate the deprivation of the Plaintiffs' constitutional rights as alleged.

110. An actual deprivation of those rights did occur to the Plaintiffs resulting from the said agreement or common design, and as a foreseeable consequence thereof.

111. The Defendants, and each of them, are jointly and severally responsible for the injuries caused by their fellow co-conspirators even if, or when, their own personal acts or omissions did not proximately contribute to the injuries or other harms which resulted.

112. As a result of the Civil Conspiracy entered into and acted upon by the Defendants, and other co-conspirators, Plaintiffs suffered a depravation of their constitutional rights, and suffered damages as aforesaid.

## COUNT VII

### State Constitutional Violations

### Plaintiffs
### v.
### All Defendants

113. The preceding paragraphs are incorporated herein by reference as though fully set forth.

114.   The conduct of the Defendants, as alleged herein, was violative of the Plaintiffs' rights under Article I, Section Eight of the Constitution of the Commonwealth of Pennsylvania to be free from unreasonable seizures, not predicated upon probable cause, and from the use of excessive force.

115.   As a result of the Defendants' conduct, which was violative of the guarantees afforded Plaintiffs under the Pennsylvania Constitution, Plaintiffs suffered the damages aforesaid.

## COUNT VIII

### Assault and Battery

### *Plaintiffs*
### *v.*
### *Defendants Horos and Beishline*

116.   The preceding paragraphs are incorporated herein by reference as though fully set forth.

117.   Defendants assaulted and battered Plaintiffs.

118.   As a result of their assaults and batteries, Plaintiffs suffered the damages aforesaid.

## COUNT IX

### Intentional Infliction of Emotional Distress

### *Plaintiffs*
### *v.*
### *Defendants Horos and Beishline*

119.  The preceding paragraphs are incorporated herein by reference as though fully set forth.

120.  The aforesaid extreme and outrageous conduct, acts or omissions of the Defendants were calculated, designed, and intended by the Defendants to intentionally inflict deliberate emotional distress, psychological trauma, and psychic pain and suffering upon Susan and to instill in her mind an immediate and permanent sense of fear and trepidation, and said conduct, acts or omissions surpass all bounds of decency universally recognized in a civilized society.

121.  As a direct and proximate result and consequence of the aforesaid conduct, acts or omissions of the Defendants, which constitutes extreme and outrageous conduct, Susan has suffered, is suffering, and will continue to suffer for an indefinite time into the future the following:

   a.   emotional and psychological distress and trauma;

   b.   mental anguish;

24

c.    psychic pain and suffering;

d.    severe fright, horror, and grief;

e.    shame, humiliation, and embarrassment;

f.    severe anger, chagrin, disappointment and worry.

122.   The acts or omission described herein  are outrageous and beyond the bounds
       of decency in a civilized society.  As such, punitive damages are justified
       against all Defendants.

## COUNT X

### Negligent Infliction of Emotional Distress

### *Plaintiffs*
### *v.*
### *Defendants Horos, Beishline and Schwab*

123.   The preceding paragraphs are incorporated herein by reference as though fully
       set forth.

124.   The aforesaid extreme and outrageous conduct, acts or omissions of the
       Defendants recklessly, carelessly, or negligently caused infliction of emotional
       distress, psychological trauma, and psychic pain and suffering upon Plaintiffs
       and to instill in their minds an immediate and permanent sense of fear and

trepidation, and said conduct, acts or omissions surpass all bounds of decency universally recognized in a civilized society.

125. As a direct and proximate result and consequence of the aforesaid conduct, acts or omissions of the Defendants, which constitutes negligent infliction, Plaintiffs have suffered, are suffering, and will continue to suffer for an indefinite time into the future the following:

   g.    emotional and psychological distress and trauma;

   h.    mental anguish;

   i.    psychic pain and suffering;

   j.    severe fright, horror, and grief;

   k.    shame, humiliation, and embarrassment;

   l.    severe anger, chagrin, disappointment and worry.

126. The acts or omission described herein are outrageous and beyond the bounds of decency in a civilized society. As such, punitive damages are justified against all Defendants.

## COUNT XI

### Loss of Consortium

### *John Shuey*
### *v.*
### *All Defendants*

127.  The preceding paragraphs are incorporated herein by reference as though

   fully set forth.

128.  Plaintiff John Shuey witnessed the actions of Defendants in depriving his

   wife of her statutory and constitutional rights,  the outrageous and

   intentional nature of which cause him extreme emotional and psychic

   distress from which he continues to suffer.

129.  As a direct and proximate result and consequence of the aforesaid conduct

   of the Defendants, Plaintiff John Shuey as a result of the aforementioned

   damages suffered by his spouse, has also suffered the following damages

   and injuries:

   a.    Plaintiff John Shuey has been deprived of the consortium,

         companionship and services of the Plaintiff Susan R. Shuey as a

         spouse;

   b.    Plaintiff John Shuey has been deprived of the use, benefit and

         enjoyment of life; and

27

c.    Plaintiff John Shuey has been deprived of his spouse's earnings and loss of future earning capacity.

130.  Plaintiffs respectfully request a jury of 12 jurors to deliberate upon the within causes of action.

131.  The within case is not subject to arbitration under Local Civil Rule 53.2.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court for each Count alleged:

a.    Award compensatory damages to Plaintiffs against the Defendants, jointly and severally, in an amount in excess of $150,000.00 exclusive of interest and costs;

b.    Award punitive damages to Plaintiffs against the individual Defendants in their individual capacities, jointly and severally, in an amount in excess of $150,000.00 exclusive of interest and costs;

c.    Where permitted, award reasonable attorney's fees and costs to the Plaintiffs;

d.    Enter an Order enjoining Defendants from engaging in the future in the conduct  identified in the Complaint as violative of 42 U.S.C. §1983; and further affirmatively requiring the Defendant East Penn

28

Township to engage in appropriate remedial efforts to adopt, and

enforce, policies which are calculated and intended to preclude the

conduct alleged to have been engaged in by the named Defendants

named herein.

e.  Award such other and further relief as this Court may deem

appropriate.

Respectfully submitted,
KAROLY LAW OFFICES, P.C.,

Dated: June 23, 2008

John P. Karoly, Jr., Esquire 𝑓𝑜𝑟
I.D. No. 22224  /2o 45 3)
1555 North 18ᵗʰ Street
Allentown, PA 18104
610-820-9790
610-820-9909 (facsimile)
E-Mail jpk2@ptd.net

29