**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SUSAN R. SHUEY and JOHN SHUEY, | |
| Plaintiffs, | NO. 3:08-cv-1190 |
| v. | (JUDGE CAPUTO) |
| WILLIAM G. SCHWAB, et al., | |
| Defendants. | |

**MEMORANDUM ORDER**

Presently before the Court is Plaintiffs Susan and John Shuey's Motion for Reconsideration of this Court's September 9, 2008 Order (Doc. 12) granting as unopposed Defendants East Penn Township, William G. Schwab, Brian P. Horos, and Alan W. Beishline's Motion to Dismiss (Doc. 4).

Plaintiffs filed their complaint in this action on June 23, 2008.  (Doc. 1.)  Defendants filed a motion to dismiss the complaint on July 14, 2008.  (Doc. 4.)  Plaintiffs did not file a brief in opposition within fifteen (15) days of service of the movant's brief, as required by U.S. District Court for the Middle District of Pennsylvania Local Rule 7.6.  Consequently, the Court issued an Order on August 21, 2008 directing Plaintiffs to oppose the motion or otherwise communicate with the Court within fifteen (15) days and warned that failure to comply would result in the Court's granting Defendants' motion as unopposed in accordance with the Local Rule.  (Doc. 11.)  Receiving no communication from Plaintiffs, the Court granted Defendants' motion to dismiss by Order of September 9, 2008.  (Doc. 12.)  Plaintiffs then filed the present motion for reconsideration of the September 9 Order on September 11, 2008.  (Doc. 13.)  This motion has been fully briefed and is ripe for disposition.

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry. FED. R. CIV. P. 59(e).  A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999).  Reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly.  *D'Angio v. Borough of Nescopeck*, 56 F. Supp.2d 502, 504 (M.D. Pa. 1999).

Plaintiffs argue that reconsideration is necessary to prevent manifest injustice because their complaint presents viable claims and their failure to respond to the Court's August 21 Order was the result of a "technology glitch." (Pl.'s Mem. of Law in Supp. of Mot. 1, 3, Doc. 14.)  Plaintiffs' counsel explains that an electronic mail (email) notification of the filing of the Court's August 21 Order was mistakenly tagged as "spam" and not delivered to counsel's email inbox. (*Id*. at 1.)  This mistake was not noticed, counsel further explains, because a senior paralegal was on vacation and a part-time information technology consultant retained by his office who may have detected the problem was unavailable. (*Id*. at 1-2.)

Counsel fails to explain, however, why Plaintiffs did not respond to Defendants' motion to dismiss.  He attempts to explain only why they did not respond to the Court's order directing them to oppose the motion.  Plaintiffs were served with both Defendants' motion

and their brief in support of the motion (Docs. 4, 9), yet made no response until the Court granted the motion nearly two months after its initial filing. Plaintiffs give no argument on how the Court's decision to grant Defendants' motion under these circumstances results in manifest injustice. Simply asserting that they plead potentially viable claims is not enough. Therefore, because Plaintiffs do not show any ground for reconsideration, the Court will deny their motion.

Plaintiffs also filed a motion for leave to file a brief in excess of fifteen (15) pages in response to Defendants' motion to dismiss (Doc. 16) in the event that the Court granted their motion for reconsideration. Since the Court denies the motion for reconsideration, this motion is denied as moot.

**NOW**, this   2nd   day of December, 2008, **IT IS HEREBY ORDERED** that:

(1) Plaintiffs Susan and John Shuey's Motion for Reconsideration of this Court's September 9, 2008 Order (Doc. 12) is **DENIED.**

(2) Plaintiffs Susan and John Shuey's Motion to Exceed Page Limitation (Doc. 16) is **DENIED** as moot.

(3) The Clerk of the Court shall mark this matter **CLOSED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge