# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN R. SHUEY and JOHN SHUEY, | |
| Plaintiffs, | CIVIL ACTION NO. 3:08-CV-1190 |
| v. | (JUDGE CAPUTO) |
| WILLIAM G. SCHWAB, EAST PENN TWP., OFFICER BRIAN P. HOROS AND OFFICER ALAN W. BEISHLINE, | |
| Defendants. | |

## **MEMORANDUM**

By Memorandum Order of December 2, 2008 (Doc. 18), I denied Plaintiffs' Motion for Reconsideration of my Order dismissing the case. This case was dismissed by Order of September 9, 2008 (Doc. 12) which was the result of Plaintiffs' failure to oppose the Defendants' Motion to Dismiss after having been directed to do so, or otherwise communicate with the Court, within fifteen days of August 21, 2008, or suffer the grant of the motion to dismiss.

There was no opposition or other communication by Plaintiffs, and the case was dismissed. The motion for reconsideration followed, and subsequent to its denial, an appeal was filed to the United States Court of Appeals for the Third Circuit. On December 3, 2009, the Court of Appeals vacated my Order and remanded the case for further proceedings. (Doc. 22.)

In its opinion, which preceded the judgment, the Court of Appeals determined that the failure to do a merits analysis and a consideration of the factors set forth in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) prevented me from dismissing the

case.

In *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), the Court of Appeals listed six factors which a district court must consider and balance before it dismisses an action or refuses to lift a default. Those factors are "1) the extent of the party's personal responsibility; 2) the prejudice to the adverse party caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or the attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and, 6) the meritoriousness of the claim or defense." *Id.* at 868.

I will consider these factors.

**1. The Extent of the Party's Personal Responsibility.**

Since the basis of the Plaintiffs' failure to respond was that the electronic mail notification of the August 21, 2008 Order was mistakenly tagged as "spam", no personal responsibility rests with Plaintiffs.

**2. The Prejudice to the Adverse Party.**

There is no prejudice to the Defendants.

**3. A History of Dilatoriness.**

Since this suit is in the filing and Rule 12(b)(6) stage, there is no history of dilatoriness.

**4. Whether the Conduct of the Party or the Attorney was Willful or in Bad Faith.**

The Plaintiffs have not acted wilfully or in bad faith. Counsel has not acted willfully or in bad faith with respect to the electronic notice of the August 21, 2008 Order directing

2

opposition to the motion to dismiss or otherwise communicate with the Court. Counsel, however, has not proffered an explanation as to why no opposition was leveled at the motion to dismiss when it was filed. I cannot conclude it was willful, and I surely cannot conclude it was in bad faith.

**5. The Effectiveness of Sanctions other than Dismissal, Which Entails an Analysis of Certain Sanctions.**

This factor is inapplicable given the posture of the case.

**6. The Meritoriousness of the Claim or Defense.**

Plaintiffs filed an Eleven Count Complaint alleging claims under 42 U.S.C. § 1983 (Counts I (General), II (Excessive Force), III (Supervisory Liability), IV (Failure to Intervene), V (Municipal Liability, VI (Civil Conspiracy), VII (Excessive Force Under Pennsylvania Constitution), VIII (Assault and Battery), IX (Intentional Infliction of Emotional Distress), X (Negligent Infliction of Emotional Distress), and XI (Loss of Consortium). These claims arise when Plaintiffs went to talk to two of the Defendants concerning a traffic citation issued to Plaintiffs' son that morning. The Complaint alleges that Defendants Horos and Beishline subjected the Plaintiff Susan Shuey to excessive force in arresting her. It also alleges supervisory liability of Horos and Beishline under § 1983 and the failure of each to intervene to stop the use of excessive force by the other. There is also an allegation of municipal liability based on a policy of deliberate indifference to the constitutional rights of the people in the Township of East Penn, a policy not to investigate citizen complaints about police behavior, and a failure to train officers in the discharge of their duties in a constitutional manner. There are other claims which I need not address, as I find that, if true, Plaintiffs have stated meritorious claims of, at the very least, the use of excessive force in violation

3

of the Fourth and Fourteenth Amendment to the Constitution of the United States.

I am mindful that the Defendants have filed a motion to dismiss. I have not considered that motion in this determination. Rather, I have reviewed the Complaint and taken the allegations as true and as noted, find that at the very least, there is merit to the excessive force claim.

## CONCLUSION

Therefore, balancing the *Poulis* factors, I find that the Plaintiffs should not be defaulted, and should have the opportunity to proceed with this action. As a result, the Plaintiffs will file their brief in opposition to the Defendants' Motion to Dismiss Complaint (Doc. 4) within twenty (20) days of the date of the Order which follows.

Date: December 17, 2009        /s/ A. Richard Caputo
                                                 A. Richard Caputo
                                                 United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN R. SHUEY and JOHN SHUEY, | |
| Plaintiffs, | CIVIL ACTION NO. 3:08-CV-1190 |
| v. | (JUDGE CAPUTO) |
| WILLIAM G. SCHWAB, EAST PENN TWP., OFFICER BRIAN P. HOROS AND OFFICER ALAN W. BEISHLINE, | |
| Defendants. | |

## ORDER

**NOW**, this 17th day of December, 2009, **IT IS HEREBY ORDERED** that the Motion for Reconsideration (Doc. 13) is **GRANTED**. Plaintiffs shall file their brief in opposition to Defendants' Motion to Dismiss Complaint (Doc. 4) within twenty (20) days of the date of this Order.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge